IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANTHONY BREAUX,

    Petitioner,               No. 2:93-cv-0570 JAM DAD P

    vs.

S.W. ORNOSKI,

    Respondent.           ORDER

_____/

        Petitioner, a state prisoner on death row proceeding with counsel, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

        On July 10, 2012, the magistrate judge filed findings and recommendations that were served on all parties and contained notice that any objections to the findings and recommendations were to be filed within twenty-one days. Both parties have timely filed objections to the findings and recommendations.

///
///
///
///

In accordance with the provisions of 28 U.S.C. § 636(b)(1)© and Local Rule 304, this court has conducted a de novo review of this case. Petitioner objects to the Magistrate Judge's findings and recommendations on the following grounds:

    1. Petitioner contends that the Magistrate Judge's findings and recommendations contain pervasive errors of fact; and

    2. Petitioner contends that the Magistrate Judge erroneously determined that he received a full and fair hearing in the California Supreme Court with respect to Petitioner's Miranda Claim ("Claim I").

A.    Errors of Fact

In support of his first objection, Petitioner argues that the Magistrate Judge failed to account for a change in Petitioner's demeanor after the administration of morphine and prior to his waiver of his Miranda rights in finding that the California Supreme Court's determination that the waiver was valid is entitled to the presumption of correctness set forth in 28 U.S.C. § 2254(d). Petitioner summarizes his argument as follows:

> Petitioner's contention has always been that he was more cooperative with police at the time of the [Miranda] waiver at about 6:32 a.m. *than he had been not long after he had arrived at the hospital*, *when he had demanded that the police leave the room*. This is precisely the type of change of demeanor that one would expect from someone whose self-protective instincts and perceptions of danger have been taken away by an intravenous injection of morphine an hour earlier. Given the true facts about petitioner's claim and the timing of the Miranda waiver, the change in demeanor strongly substantiates petitioner's claim.

Pet'r's Objections 11-12 (emphasis in original). The Magistrate Judge's findings and recommendations note the change of demeanor but do not factor it explicitly into the subsequent analysis. F. & R.'s 13-16.

The Magistrate Judge was correct in focusing on Petitioner's interview with the police rather than Petitioner's pre/post morphine demeanor to determine if the Miranda waiver was valid. Shackleford v. Hubbard, 234 F.3d 1072, 1080 (9th Cir. 2000) ("The fact that a suspect is under the influence of drugs or medication is irrelevant if the suspect's statement was the product

2

of a rational intellect and a free will." (quotations omitted)).  The inquiry is whether or not Petitioner understood the waiver and its consequences at the time it was made.  Accordingly, Petitioner's focus on a sense of perceived danger and docility is misplaced because all of the evidence indicates that Petitioner understood his Miranda rights and the consequences of waiving them, making any lessened sense of perceived danger or heightened docility irrelevant.  The Magistrate Judge correctly summarized the evidence showing that Petitioner's waiver was valid, and that summary is hereby adopted.  F. & R.'s 13-16.

Petitioner also argues that the Magistrate Judge misunderstood the Miranda argument and relied on a mistaken reading of the factual record. Petitioner focuses on the Magistrate Judge's statement that "None of this testimony, however, indicated that when he waived his Miranda rights, petitioner was "docile" or more cooperative than he had been earlier in the interview by Officer Bell," to support his contention that the Magistrate Judge failed to account for Petitioner's demeanor change from *before* he received morphine to *after* he received the morphine.  F. & R.'s 15.  Petitioner argues that the Miranda waiver occurred at the beginning of the interview, meaning that the Magistrate Judge failed to consider Petitioner's demeanor prior to the administration of morphine, which occurred about one hour before the interview with Officer Bell began.  That is there was no "earlier in the interview" as the Magistrate Judge states, and the Magistrate Judge was looking for a demeanor change during the interview rather than before.  The Magistrate Judge was, however, aware of Petitioner's argument, as noted above.  Based on the context of the Magistrate Judge's analysis surrounding the disputed sentence, it is clear that the Magistrate Judge was looking for evidence to support the general contention that Petitioner became docile and cooperative, but he found none sufficient to show that the Miranda waiver was invalid or that the state supreme court's determination on the issue was not supported by the record.  Id.  In sum, while there is evidence that Petitioner's demeanor changed pre-morphine to post-morphine, such a demeanor change does not show that the Miranda waiver resulted from anything less than "a rational intellect and a free will."  Shackleford, 234 F.3d at 1080.

Accordingly, the Magistrate Judge's alleged error regarding when Petitioner's demeanor changed, if any was made, does not affect the outcome of the analysis. The Magistrate Judge was therefore correct in applying a presumption of correctness to the California Supreme Court's findings.

### B. Full and Fair Hearing in California Supreme Court

The Magistrate Judge's findings and recommendations adopted Petitioner's original position that evidence to support the morphine Miranda theory was properly presented to the California Supreme Court such that a hearing occurred for § 2254(d) purposes, and that it was therefore proper for Petitioner to raise the theory in his federal habeas petition. F. & R.'s 10-11. Having succeeded in this argument, Petitioner argues for the first time in his objections to the findings and recommendations that the California Supreme Court proceeding was not a "full, fair, and adequate hearing" under § 2254(d)(6). To support his objection, Petitioner argues that 1) the California Supreme Court made many factual and legal errors with respect to all of the claims Petitioner raised, and 2) the California Supreme Court did not provide fair adjudications for death penalty appeals generally.

The standard applied to § 2254(d)(6) is:

> Where the facts underlying a constitutional claim are in dispute, a federal court in habeas corpus must hold an evidentiary hearing if the habeas petitioner did not receive a full and fair evidentiary hearing in a state court. To be entitled to the hearing, a habeas petitioner must show that (1) he has alleged facts which, if proved, would entitle him to relief, and (2) an evidentiary hearing is required to establish the truth of his allegations.

Harris v. Pulley, 692 F.2d 1189, 1197 (9th Cir. 1982), rev'd on other grounds, 504 U.S. 1 (1992).

In this case, Petitioner is not entitled to an evidentiary hearing based on § 2254(d)(6) because he has not shown that he was prevented from presenting the relevant facts to the state court and that those facts, if proven, would entitle him to relief. As discussed above, even taking Petitioner's arguments regarding the effect morphine had on his demeanor as true, Petitioner would not be entitled to relief. Simply establishing that Petitioner had a reduced sense of danger

and was docile does not amount to a showing that his Miranda waiver was invalid.  There is also significant evidence that Petitioner understood the officers during the interview when he waived his Miranda rights, as summarized by the Magistrate Judge.  F. & R.'s 13-16.  This evidence exists because Petitioner was accorded at least two hearings, one at the trial level and one at the appellate level, where he was able to present evidence as to his condition at the time of the Miranda waiver.  Absent from Petitioner's objections are additional facts that he could prove at an evidentiary hearing to support his claim that the Miranda waiver was invalid.  Thus, the Magistrate Judge correctly found that § 2254(d)(6) does not apply in this instance.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 10, 2012, are adopted in full insofar as they accord with this order.

2. The presumption of correctness set forth in 28 U.S.C. § 2254(d) applies to the California Supreme Court's determination that petitioner's Miranda waiver was intelligent and knowing.

3. Respondent's motion for summary judgment as to Claim "I" of the petition is granted, and that claim is denied.

DATED: June 12, 2013

/s/ John A. Mendez
UNITED STATES DISTRICT COURT JUDGE