IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID A. BREAUX,<br><br>        Petitioner,<br><br>  v.<br><br>WARDEN of the California State Prison at San Quentin,<br><br>        Respondent. | NO. 2:93-cv-00570-JAM-DAD<br><br>Date:  To be determined<br>Time:  To be determined<br>Ctrm:  Hon. Dale A. Drozd, Magistrate Judge<br><br>**DEATH PENALTY CASE** |

**PETITIONER'S STATEMENT REGARDING**

**SCOPE OF EVIDENTIARY HEARING**

QUIN A. DENVIR
Cal. State Bar No. 49374
Attorney at Law
1614 Orange Lane
Davis, CA 95616
Telephone: (916) 307-9108

RICHARD C. NEUHOFF
Cal. State Bar No. 54215
11 Franklin Square
New Britain, CT 06051
Telephone: (860) 229-0433
Fax: (860) 348-1942

HEATHER E. WILLIAMS
Cal. State Bar No. 122264
Federal Defender
JOSEPH SCHLESINGER
Cal. State Bar No. 87692
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-6666
Fax: (916) 498-6656

Attorneys for Petitioner
DAVID A. BREAUX

1   In an order filed June 21, 2013, this Court directed both parties to file statements regarding "the scope of the evidentiary hearing necessary to resolve the outstanding claims in this action." (See Doc. 241 at 2.) The Court issued its directive "in keeping with the order of July 10, 2012, and the previous orders referenced therein." Ibid. The July 2012 order had directed the parties to "file statements regarding the scope of the evidentiary hearing discussed by the parties at the November 7, 2005 status conference and set out in the undersigned's January 6, 2004 findings and recommendations." (See Doc. 226 at 19, referencing Docs. 200 and 166, respectively.)

In the 2004 Findings and Recommendations, this Court had recommended that summary judgment be denied as to Claims C, L, N, O, S-5, T (in part), V (in part), W and X. (See Doc. 166 at 259.) District Judge Levi subsequently adopted those recommendations. (See Doc. 181 at 4.)

Also in the 2004 Findings and Recommendations, this Court recommended that summary judgment be granted in favor of respondent as to (inter alia) Claims S-13 and U (see Doc. 166 at 259), but Judge Levi did not adopt those recommendations (see Doc. 181 at 4).

Thus, the remaining claims in this cases can be grouped into the following categories:[1]

1. Claims C: ineffective assistance of counsel for failing to present penalty-phase evidence of remorse.

2. Claims C & W: ineffective assistance of counsel with respect to penalty phase mitigation.

3. Claim L: petitioner's mental incompetence to assist counsel and related ineffective assistance of counsel.

4. Claim N: defense counsel's concession of guilt as to the non-homicide charges.

5. Claim O: petitioner's absence from certain court proceedings.

6. Claim S-5: standard of proof re aggravating factors relied on at penalty phase.

7. Claim S-13: the failure of California death penalty scheme to narrow the class of death-eligible offenders.

8. Claims T (in part) and U: misconduct, bias, and/or incompetence on the part of juror Peinado.

---

[1] The characterizations of the listed claims are shorthand oversimplifications, intended simply to identify the general type of claims, and are not in any way intended to increase or decrease the scope of the claims as pleaded and litigated in this Court.

Petitioner's Statement re Scope of Evidentiary Hearing     1     *Breaux v. Warden*, 2:93-cv-00570 JAM DAD

9. Claims T (in part) and U:  ineffective assistance of counsel with respect to jury selection.

10. Claim V (in part):  bailiff misconduct during jury's deliberations..

11. Claim V (in part):  misconduct on the part of juror Alvarado for consulting with minster during penalty phase deliberations.

12  Claim X:  cumulative prejudice

At the November 2005 status conference mentioned above, the Court adopted respondent's suggestion that no formal motion for an evidentiary hearing was necessary and that, with two possible exceptions, the case would proceed to evidentiary hearing on the remaining claims.  (Doc. 200 at 2-4. [transcript of Nov. 7, 2005 proceedings]; Doc. 190 at 3 [respondent's 2005 status conference statement].)

The two potential exceptions were Claims S-5 and S-13.  With respect to Claim S-5 (standard of proof regarding penalty-phase aggravating factors), it was agreed at the November 2005 hearing that this claim would be addressed in connection with the final briefing, after evidentiary hearing.  (Doc. 200 at 2.)

As for Claim S-13 (failure to narrow), the parties agreed at the same hearing that the claim would be deferred with the possibility that it could be eventually submitted on evidence presented in other cases.  (Doc. 200 at 2.)  Then, in 2012, when this Court issued findings and recommendations recommending the dismissal of Claim I (which recommendations were subsequently adopted), the Court added an order again indicating its awareness of other habeas cases with the same claim and directing petitioner to inform the court how he wished to proceed on the claim in his case.  (See Doc. 226 at 19.)  In response to that order, petitioner advised the Court that

> petitioner wishes to submit Claim S-13 on the basis of certain testimonial and documentary evidence presented in *Frye v. Calderon*, E.D. No. S-99-00628 LKK-CKD, and *Ashmus v. Ayers*, N.D. No. 93-CV-00594-THE.  Most, if not all, of the evidence to be submitted is listed in the exhibit list submitted to this Court in *Webster v. Ornoski*, E.D. No. S-93-0306 LKK-DAD, a copy of which is attached.  Although a final decision has not been made, petitioner may seek to submit a few additional exhibits from the *Frye* or *Ashmus* cases.  It is the understanding of petitioner's counsel that all of this material can be presented to the Court  in digital form.

>In addition to the evidence just mentioned, petitioner also wishes to submit briefing on the merits of the claim. Petitioner proposes that he file an opening brief, respondent an opposition brief, and petitioner file a reply.

(Doc. 229 at 2.)

Finally, although the matter was not discussed in any of the earlier proceedings, petitioner suggests that Claim W (cumulative prejudice) is, like Claim S-5, not suited to an evidentiary hearing and should be addressed in the post-hearing briefing in the case. If those two claims are handled in that manner, then there are ten categories of claims remaining for evidentiary hearing — items 1 through 5 and 7 through 11 in petitioner's list above — with one of the ten likely to be submitted upon evidence produced in other cases rather than be the subject of a new evidentiary hearing in this case (Claim S-13).

Dated: July 8, 2013

Respectfully submitted,

| QUIN A. DENVIR | RICHARD C. NEUHOFF | JOSEPH SCHLESINGER |
|---|---|---|
| Attorney at Law | Attorney at Law | Assistant Federal Defender |
| /s/ Quin A. Denvir | /s/ Richard C. Neuhoff | /s/ Joseph Schlesinger |
| Quin A. Denvir | Richard C. Neuhoff | Joseph Schlesinger |

Attorneys for Petitioner
DAVID A. BREAUX