abc

KAMALA D. HARRIS, State Bar No. 146672
Attorney General of California
SEAN M. MCCOY, State Bar No. 182516
Deputy Attorney General
GEORGE M. HENDRICKSON, State Bar No. 78800
Deputy Attorney General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 324-5270
 Fax: (916) 324-2960
 E-mail: George.Hendrickson@doj.ca.gov
*Attorneys for Respondent*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID ANTHONY BREAUX,**<br><br>　　　　　　　　　　　Petitioner,<br><br>v.<br><br>**S.W. ORNOSKI, Warden of San Quentin State Prison,**<br><br>　　　　　　　　　　　Respondent. | 2:93-cv-00570-JAM-DAD<br><br>**OPENING BRIEF ON CONSIDERATION OF NEW EVIDENCE AS TO THE NARROWING ISSUE, CLAIM 13, PARAGRAPH 13**<br><br>Date:　　　February 5, 2014<br>Time:　　　11:30 a.m.<br>Courtroom:　27<br>Magistrate Judge Dale A. Drozd<br>Trial Date:　TBD<br>Action Filed: April 6, 1993 |

　　　The Court has ordered briefing on whether new evidence is permitted on Claim S, paragraph 13, regarding whether the California felony murder special circumstances adequately narrow the class of murderers who be sentenced to death.  (Docs. 245 [minutes], 247 [agreed schedule], 249 [scheduling order].)  The Court has ordered briefing on whether new evidence is permitted on Claim S, paragraph 13, regarding whether the California felony murder special circumstances adequately narrow the class of murderers who be sentenced to death.  (Docs. 245 [minutes], 247 [agreed schedule], 249 [scheduling order].)

With respect to Claim S, paragraph 13, Petitioner has elected to rely on "certain testamentary and documentary evidence presented in *Frye v. Calderon*, E.D. No. S-99-00628 LKK CKD, and *Ashmus v. Ayers*, N.D. No. 93-CV-00594-THE." (Doc. 229.)

Respondent has stated its position that Claim S, paragraph 13, presents a pure legal issue and thus no evidence in addition to the trial record in the instant case may be considered. (Doc. 243 at 2.)

As Respondent has argued, the question is affected by the policies of federalism underlying the exhaustion requirement. (Doc. 127 at 40-42; Doc. 149 at 4-6.) In *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9-10 (1992), the Supreme Court stated that the requirement of exhaustion and the interests of judicial economy favor "full factual development" in state court. The Court held that "application of the cause and-prejudice standard to excuse a state prisoner's failure to develop material facts in state court will appropriately accommodate concerns of finality, comity, judicial economy, and channeling the resolution of claims into the most appropriate forum." The Court explained, "Applying the cause-and-prejudice standard in cases like this will obviously contribute to the finality of convictions, for requiring a federal evidentiary hearing solely on the basis of a habeas petitioner's negligent failure to develop facts in state-court proceedings dramatically increases the opportunities to relitigate a conviction." *Id* at 8-9; see *Williams v. Taylor*, 529 U.S. 420 (2000) (*Michael Williams*). The Court's opinion in *Tamayo-Reyes* made it clear that its decision did not depend on the mere fact that there had been a state court hearing; instead the opinion was expressly based on a petitioner's responsibility to fully develop the facts in state court. *Tamayo-Reyes,* 504 U.S. at 7-10. *Tamayo-Reyes* applies to pre-AEDPA cases, as is the instant case. *See Banks v. Dretke*, 540 U.S. 668, 670-71 (2004).

In *Williams v. Taylor*, 529 U.S. 362, 433-435 (2000) (*Terry Williams*), the Court noted that *Tamayo-Reyes*'s standard of diligence was codified by the AEDPA in 28 U.S.C. § 2254(e)(2).[1] The Court found that the petitioner's failure to seek a copy of a psychiatric report showed a lack

---

[1]. If a prisoner has "failed to develop the factual basis of a claim in State court proceedings," § 2254(e)(2) bars a federal court from holding an evidentiary hearing, unless the applicant meets certain statutory requirements.

2

of diligence, but not his failure to obtain evidence of juror misconduct as to which he had no notice.  529 U.S. at 437-43.

In *Cullen v. Pinholster*, 563 U.S. ____, ____, 131 S.Ct. 1388, 1398 (2011), the Court held that federal habeas review was "limited to the record that was before the state court that adjudicated the claim on the merits."  The Court found that its holding in *Pinholster* was consistent with that in *Schriro v. Landrigan*, 550 U.S. 465, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007), where it had explained that the standard of review must be considered in determining whether an evidentiary hearing is appropriate.  563 U.S. at ____, 131 S.Ct. at 1399.  The Court also noted, "§ 2254 (e)(2) still restricts the discretion of federal habeas courts to consider new evidence when deciding claims that were not adjudicated on the merits in state court.  See, *e.g., Michael Williams,* 529 U.S., at 427-29, 120 S.Ct. 1479.  [N. omitted.]."  563 U.S. at ____, 131 S.Ct. at 1401.  The Court noted that the context of the statute demonstrated Congress' intent to "channel prisoners' claims first to the state courts."  *Id*. at 1398-99.  The same principle underlay the Court's decision in *Tamayo-Reyes*.  504 U.S. at 7-8.

Thus, *Pinholster*, supported by *Michael Williams* and *Landrigan*, confirms that the general rule that a petitioner, in presenting a claim on federal habeas corpus, can only rely on the record that was presented to the state court in exhausting the same claim.  Although *Pinholster* relied on section 2254(d)(1) under the AEDPA, that provision did not introduce a novel concept, but instead merely strengthened a standard of correctness that had existed before its enactment.  As the Ninth Circuit described the pre-AEDPA standard, "The state trial court's finding that [the petitioner] knowingly and intelligently waived his *Miranda* rights is entitled to a presumption of correctness."  *Derrick v. Peterson*, 924 F.2d 813, 823 (9th Cir.1990).

Since state court factual findings are presumed correct, whether made before or after the AEDPA, both types of review are limited to the record that was before the state court when the claim was exhausted, although, the threshold for overcoming the presumption of correctness is different.

In *Chacon v. Wood*, 36 F.3d 1459, 1468 (9th Cir. 1994), the Ninth Circuit stated that a petitioner is required to "present[] to the state court [ ] all the operative facts giving rise to the

3

asserted constitutional principle. . . ." Thus, where a petitioner has failed to factually develop his claim, he must show cause and prejudice, or that a "a fundamental miscarriage of justice would result from failure to hold a federal evidentiary hearing." *Tamayo-Reyes,* 504 U.S. at 11.

Contrary to Petitioner's position, OAMSJ 46-50 [apparently relying on *Townsend v. Sain*, 372 U.S. 293, overruled apparently in part in *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 5], *Tamayo-Reyes* describes a general rule against new evidence, which does not depend on fitting into the list of circumstances under which an evidentiary hearing would be mandatory under *Townsend* (assuming its continuing validity). See, e.g., *Correll v. Stewart*, 137 F.3d 1404, 1412 (9th Cir. 1997).

Employing the pre-AEDPA standard under *Tamayo-Reyes* and related authorities, Petitioner fails to show due diligence in presenting additional facts and fails to show cause and prejudice excusing his lack of diligence, or that a fundamental miscarriage of justice would result if he could not present such evidence.  (*See* Doc. 209 at 12-13; Doc. 213 at 3-7.)  Since Petitioner has failed to make any such showing, he must rely on the existing evidence (i.e., the state court record) to show that an exception exists. See *Bannister v. Armontrout*, 4 F.3d 1434, 1441-43 (approving the District Court's denial of a motion to present new evidence on an issue as to which the District Court then applied a presumption of correctness); *Mathis v. Zant*, 975 F.2d 1493, 1495-97 (11th Cir. 1992) (reversing and remanding the District Court's receipt of new evidence on an issue as to which the state had argued the presumption of correctness).

Ninth Circuit opinions such as *Jones v. Wood*, 114 F.3d 1002, 1012-13 (9th Cir. 1997) and *Correll v. Stewart*, 137 F.3d 1404, 1413 (9th Cir. 1998) do not compel this Court to conclude that "cause" exists whenever the state court fails to hold an evidentiary hearing.  In *Jones*, the Ninth Circuit found that the District Court had erred in granting summary judgment for the respondent when the petitioner's motion for discovery of records pertaining to his trial counsel's performance was still pending.  *Jones,* 114 F.3d at 1008-1009.  The Ninth Circuit also found that the petitioner was entitled to an evidentiary hearing on his incompetence of counsel claim because the claim depended on disputed factual questions.  *Id.* at 1010.  The court found "cause" for the petitioner's failure to fully develop the facts under *Tamayo-Reyes* due to the circumstance that he had "tried

4

and failed through no fault of his own to develop the facts." *Id*. at 1013.  Thus, the decision in *Jones* and did not depend on the mere failure to hold an evidentiary hearing.[2]

Opinions by other circuits support the conclusion that *Tamayo-Reyes* applies to the presentation of facts to a state court even if no evidentiary hearing was held in the state court. The Eleventh Circuit reversed the grant of habeas corpus because the district court improperly used evidence, which had not been presented to the state court, to grant the writ.  *Mathis v. Zant*, 975 F.2d at 1497.  The Fifth Circuit precluded federal review of a jury bias issue when affidavits relating thereto had not been presented to the state court although the information had been available.  *Hogue v. Johnson*, 131 F.3d 466, 505 (5th Cir. 1997).  The Eighth Circuit upheld a district court's refusal to expand the record and to authorize a psychiatric examination in *Bannister v. Armontrout*, 4 F.3d 1434, 1442 (8th Cir. 1993), saying that permitting the expansion would authorize the petitioner to circumvent a procedural bar for failure to develop material facts in the state court.  See also *Livingston v. Johnson*, 107 F.3d 297, 306, fn. 7 (5th Cir. 1997) [refusal to consider expert declaration not presented to state court]; *Schneider v. Delo*, 85 F.3d 335, 341, n.4 (8th Cir. 1996).

Under these principles, Petitioner is limited to the facts he presented when he exhausted his claim.  Here, Petitioner argued the narrowing issue in the California Supreme Court on appeal solely based on the law. (Appellant's Supplemental Brief at 42.)[3]  Since Petitioner exhausted his claim based solely on the law, he may not rely on new facts that he failed to present to the state court.

---

[2] Respondent contends that the court's opinion in *Correll* did not state the correct test.  Although the *Correll* opinion states that the mere failure to hold an evidentiary hearing constitutes "cause," the statement is superfluous to the holding that the petitioner's allegations of inadequate representation at sentencing were sufficient to warrant relief.  *Correll,* 137 F.3d. at 1412-14.

[3] This was all he could do under state procedural rules because there were no evidentiary facts in the record on appeal pertaining to the issue.  It is a fundamental rule in California that review on appeal is the record is limited to matters presented to the trial court or properly subject to judicial notice.  *People v. Collie*, 30 Cal.3d 43, 57, n.10 (1981).  Matters not presented to the trial court, hence not a proper part of the record, will not be considered on appeal.  *People v. Chi Ko Wong* 18 Cal.3d 698, 711 (1976).  As the court held in *Denham v. Superior Court*, 2 Cal.3d 557, 564 (1970), under the general principles of appellate practice and the California Constitution's reversible error rule, error must be affirmatively shown on appeal from the record; where the record is silent, any facts necessary to support the judgment will be presumed to have been presented.

Moreover, his belated attempt to rely on additional facts would fundamentally alter the claim he raised in his petition by introducing factors, considerations, and points of argument which were not part of the exhaustion process and were not relied on in the petition in this case. In his amended petition, Petitioner did not allege any facts at all, but relied on the 1978 death penalty initiative, the ballot pamphlet argument in support of it, and court decisions interpreting it. (Doc. 159 at 108-110.) The pleading of any facts on which the petitioner relies is required by Rule 2(c)(2) of the Rules Governing Section 2254 Cases In The United States District Courts. As a result, Petitioner may not rely on any facts now to support his claim in this Court.

Dated:  September 18, 2013

Respectfully submitted,

KAMALA D. HARRIS
Attorney General of California
SEAN M. MCCOY
Deputy Attorney General

*/s/ GEORGE M. HENDRICKSON*

GEORGE M. HENDRICKSON
Deputy Attorney General
*Attorneys for Respondent*

SA1993XW0005
31786252.doc