1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    DAVID A. BREAUX,                        No.  2:93-cv-0570 JAM DAD P

12              Petitioner,                   DEATH PENALTY CASE

13         v.

14    WARDEN, San Quentin State Prison,       ORDER

15              Respondent.

16

17         Petitioner is a California state prisoner incarcerated under sentence of death.  He is

18    proceeding through counsel with an application for writ of habeas corpus.  Claim S-13 of his

19    amended petition alleges that he was sentenced to death under a California law that did not

20    narrow adequately the class of people eligible for the death penalty.  The parties and the court

21    refer to Claim S-13 as petitioner's "narrowing claim."  (See Am. Pet. (Doc. No. 159) at 108-110.)

22         In an order issued on July 10, 2012, the court wrote that "discovery has been completed in

23    other federal habeas cases" in which prisoners on death row have asserted substantially similar

24    narrowing claims challenging the same capital sentencing scheme.  (Order (Doc. No.226) at 19.)

25    Anticipating that part of this case might be streamlined by receiving the evidence already adduced

26    in those other capital cases, the court ordered petitioner to "inform the court how he wishes to

27    proceed with respect to his claim S-13 in this action."  (Id.)  Petitioner responded that "in lieu of

28    an evidentiary hearing, petitioner wishes to submit Claim S-13 on the basis of certain

1

1    testamentary and documentary evidence presented in Frye v. Calderon, E.D. No. S-99-00628

2    LKK CKD, and Ashmus v. Ayers, N.D.No. 93-CV-00594-THE.  Most, if not all, of the evidence

3    to be submitted is listed in the exhibit list submitted to this Court in Webster v. Ornoski, E.D. No.

4    S-93-0306 LKK DAD[.]"  (Doc. No. 229 at 2.)

5         On July 8, 2013, respondent filed a statement objecting to the introduction of any new

6    evidence in support of the narrowing claim.  (See Doc. 243.)  Respondent reiterated the objection

7    at a status conference held on July 19, 2013, and the court ordered the parties to submit written

8    argument on the question.  The parties have fully briefed the issue.

9         This case was filed before the Anti-terrorism and Effective Death Penalty Act (AEDPA),

10   28 U.S.C. § 2254, went into effect. Therefore it is controlled, as petitioner puts it (Petitioner's

11   Response Brief (PRB, Doc. No. 252) at 6), by "the fundamentals of pre-AEDPA law."  See Sivak

12   v. Hardison, 658 F.3d 898, 905 (9th Cir.2011).  In a pre-AEDPA case, a federal habeas court

13   must decide all purely legal issues and mixed questions of law and fact de novo, with no

14   deference owed the state court's legal rulings.  See Thomas v. Chappell, 678 F.3d 1086, 1101 (9th

15   Cir.2012).  The state court's findings of fact retain a presumption of correctness on federal

16   review, but that presumption "does not determine whether the district court may hold an

17   evidentiary hearing."  Knaubert v. Goldsmith, 791 F.2d 722, 727 n.3 (9th Cir.1986).  A federal

18   court applying pre-AEDPA law has broad discretion to hear and receive evidence not already

19   contained in the state court record; this is so even if the petitioner is at fault for the lack of certain

20   evidence in the state court record that he wishes to admit in federal court.  Townsend v. Sain, 372

21   U.S. 293, 318 (1963).

22        Petitioner has proposed submitting evidence from the Frye and Ashmus cases in lieu of a

23   live hearing – that is, he proposes to expand the record in this case with that evidence.  The court

24   has discretion to expand the record by taking evidence in support of (or opposition to) a claim

25   without calling a formal hearing on the claim.  See Rule 7 Governing Section 2254 Cases; Harris

26   v. Nelson, 394 U.S. 286, 300 (1969).  "The purpose [of expanding the record] is to enable the

27   judge to dispose of some habeas petitions not dismissed on the pleadings, without the time and

28   expense required for an evidentiary hearing."  Rule 7 Governing Section 2254 Cases, Advisory

1    Committee Notes.  "The record may be expanded to include additional material relevant to the

2    merits of the petition."  Id.

3         Respondent does not object that expanding the record would be inefficient or that the

4    evidence from the Frye and Ashmus cases is irrelevant to the petitioner's narrowing claim.

5    Instead he argues that because petitioner submitted his narrowing claim in state court without any

6    evidentiary support, he is now limited to arguing his claim as a purely legal question and "no

7    evidence in addition to the trial record . . . may be considered."[1]  (Respondent's Opening Brief

8    (ROB, Doc. No. 250) at 2.)  Petitioner responds that the only limitations on the district court's

9    discretion to hold an evidentiary hearing are the six disjunctive conditions that require a hearing,

10   as set out in Townsend thirty-three years before AEDPA took effect.  Under Townsend, a federal

11   habeas court must hold an evidentiary hearing if: (1) the merits of the factual dispute were not

12   resolved in the state hearing; (2) the state factual determination is not fairly supported by the

13   record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to

14   afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence;

15   (5) the material facts were not adequately developed at the state-court hearing; or (6) for any

16   reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact

17   hearing.  Townsend, 372 U.S. at 313; see also Hurles v. Ryan, 706 F.3d 1021, 1039 (9th Cir.

18   2013); Quezada v. Scribner, 611 F.3d 1165, 1166 (9th Cir. 2010).  Petitioner argues that his

19   narrowing claim meets the first and fourth conditions set out in Townsend and that the court has

20   final discretion to hold a hearing even if no Townsend condition applies.  (PRB at 8.)

21   /////

22   _____

[1]  Respondent explains that a purely legal argument on appeal "was all [petitioner] could do under

23   state procedural rules because there were no evidentiary facts in the record[.]  . . .  It is a
     fundamental rule in California that review on appeal is . . . limited to matters presented to the trial

24   court or properly subject to judicial notice."  (ROB at 5 n.3, citing People v. Collie, 30 Cal.3d 43,
     57 n.10 (1981).)  The parties are not explicit about why they focus on the presentation of the

25   narrowing claim on appeal, and not on state habeas review; possibly they employ the "look
     through" doctrine in the absence of any reasoned decision rejecting the claim on collateral review.

26   See Ylst v. Nunnemaker, 501 U.S. 797, 806 (1991).  However, petitioner states that "the merits of

27   Claim S-13 were not resolved by the California Supreme Court" on appeal, suggesting there has
     never been any reasoned decision addressing the narrowing claim in state court at any time since

28   trial.  (PRB at 8.)

1        Both parties argue from the premise that in order for petitioner to obtain leave to expand

2    the record in support of his narrowing claim, he must show he would also be entitled to an

3    evidentiary hearing on that claim.  That is true for cases filed under AEDPA (see Holland v.

4    Jackson, 542 U.S. 649, 653 (2004); Cooper-Smith v. Palmateer, 397 F.3d 1236, 1241 (9th

5    Cir.2005)), but it was not true when petitioner filed this case.  "[P]rior to AEDPA, expansion of

6    the record was not controlled by the same standards governing the holding of an evidentiary

7    hearing.  Rather, Habeas Rule 7 permitted expansion of the record with relevant materials."

8    Roberts v. Warden, San Quentin State Prison, No. 2:93-cv-0254 GEB DAD P, 2013 WL 416346

9    at *7 (E.D. Cal. Jan. 31, 2013).   "In this regard, it is well-established that a 'judge can direct

10   expansion of the record to include any appropriate materials that 'enable the judge to dispose of

11   some habeas petitions not dismissed on the pleadings, without the time and expense required for

12   an evidentiary hearing.'"  Id. (quoting Blackledge v. Allison, 431 U.S. 63, 82 (1977) (internal

13   quotation and citation omitted)).  In the absence of AEDPA's much stricter prerequisites, "[t]he

14   standard [for expanding the record] is simply whether the materials sought to be added to the

15   record are 'relevant to the determination of the merits of the petition.'"  Id. (quoting Rule 7, Rules

16   Governing Section 2254 Cases, Advisory Committee Notes).  See also Vasquez v. Hillery, 474

17   U.S. 254, 258 (1986); McDougall v. Dixon, 921 F.2d 518, 532 (4th Cir. 1990).

18        Respondent contends there is "a general rule against new evidence, which does not

19   depend on fitting into the list of circumstances under which an evidentiary hearing would be

20   mandatory under Townsend[.]"  (ROB at 4.)  Respondent's reliance on the Supreme Court's

21   decision in Keeney v. Tamayo-Reyes, 504 U.S. 1 (1992) to support this contention is misplaced.

22   Keeney did redefine Townsend's fifth enumerated condition for a mandatory evidentiary hearing,

23   but neither the Ninth Circuit nor the Supreme Court has held that Keeney's "threshold standard of

24   diligence" reaches any further than that.[2]  In fact, the Ninth Circuit's application of pre-AEDPA

25

26   ² Respondent's counsel should be aware of this point of law.  In 2011, during a hearing in
     another capital habeas case, counsel for the respondent in that case "conceded that Keeney is
27   limited to Townsend's factor five in this circuit."  Roberts, 2013 WL 416346  at *6, n.9.  There
     has been no intervening change in the law since the point was conceded in 2011 in the Roberts
28   case nor does respondent's counsel suggest otherwise here.

                                                    4

1    law has been precisely opposite to respondent's suggestion, declaring that <u>Keeney</u> "did not affect

2    <u>Townsend's</u> holding with respect to the district court's broad authority to consider <u>any</u> evidence

3    <u>relevant</u> to a federal habeas petitioner's claim." <u>Seidel v. Merkle</u>, 146 F.3d 750, 754 (9th

4    Cir.1998) (emphasis added).

5            Respondent's argument on this point is therefore without merit.  The pre-AEDPA

6    standards for holding an evidentiary hearing, which are considerably broader than AEDPA's

7    standards, do not apply to the court's even broader pre-AEDPA discretion to expand the record.

8    Rather, the court has the authority to expand the record "to include <u>any</u> appropriate materials that

9    'enable the judge to dispose of some habeas petitions not dismissed on the pleadings, without the

10   time and expense required for an evidentiary hearing.'" <u>Roberts</u>, 2013 WL 416346 at *7

11   (emphasis added).[3]  Therefore petitioner's proposal to expand the record will be granted pursuant

12   to Rule 7 Governing Section 2254 Cases.

13           Accordingly, IT IS ORDERED that petitioner's proposal with respect to Claim S-13 (Doc.

14   229) is granted.  Petitioner may submit testamentary and documentary evidence already adduced

15   in the cases of <u>Frye v. Calderon</u>, No. 2:99-cv-628 LKK CKD (E.D. Cal.), and <u>Ashmus v. Ayers</u>,

16   No. 93-CV-00594-THE (N.D. Cal.), in expansion of the record and in support of Claim S-13 as

17   alleged in the amended petition.  Petitioner may withhold submission of that evidence until a date

18   to be determined at the status conference set before the undersigned on February 5, 2014.

19   Dated:  January 22, 2014

20
                                    _____
21                                  DALE A. DROZD
                                    UNITED STATES MAGISTRATE JUDGE
22
     hm/brea570.ord(1.21.14)
23

24

25

26

27   ─────────────────────
     [3]  Again, respondent does not object that expanding the record in this instance would be
28   inefficient or that the proffered evidence is not relevant to the narrowing claim.

5