IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID ANTHONY BREAUX,<br><br>　　　　　　　　　　　　Petitioner,<br><br>　　v.<br><br>S.W. ORNOSKI, Warden of San Quentin State Prison,<br><br>　　　　　　　　　　　　Respondent. | Case No. 2:93-cv-00570-JAM-DAD<br><br><u>DEATH PENALTY CASE</u><br><br><u>PROTECTIVE ORDER</u> |

　　Petitioner David Breaux and Respondent Kevin Chappell recognize that pursuit of the ineffective assistance of counsel claims by Petitioner during the evidentiary hearing in this federal habeas action will intrude upon matters heretofore protected by the attorney-client and attorney work product privileges. The parties agree that pursuant to *Bittaker v. Woodford*, 331 F.3d 715, 720 (9th Cir. 2003) (en banc), cert. denied, 540 U.S. 1013 (2003), Petitioner has waived his attorney-client and work product privileges to the extent necessary to litigate his habeas claims of ineffective assistance of counsel.

　　The parties agree to the issuance of the following protective order, and good cause appearing, *see Bittaker*, 331 F.3d at 717 n.1, *see also Lambright v. Ryan,* 698 F.3d 808 (9th Cir. 2012).

　　Accordingly, IT IS HEREBY ORDERED that:

　　1. For purposes of the evidentiary hearing and preparation for the evidentiary hearing in this federal habeas action, trial counsel's files that relate to Petitioner's ineffective assistance of

counsel claims, including the files of any investigators or experts retained by trial counsel, shall be deemed to be confidential. These documents and materials (hereinafter "documents") may be used only by representatives from the Office of the California Attorney General and any expert retained by the Attorney General's Office in this federal habeas proceeding. If a representative of the Attorney General's Office provides the confidential materials to an expert as authorized above, the Attorney General's Office shall inform the expert of this protective order and the expert's obligation to keep the documents confidential.

2. Disclosure of the contents of the documents and the documents themselves may not be made to any other persons or agencies, including any other law enforcement or prosecutorial personnel or agencies, without an order from this Court. The terms of this order do not prohibit representatives of the Attorney General's Office from disclosing or discussing items within the confidential materials with Petitioner's trial counsel or disclosing and discussing with witnesses their own statements or observations that were recorded or summarized in any reports contained in trial counsel's files.

3. This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case, except that either party maintains the right to request modification or vacation of this order upon entry of final judgment in this matter.

Dated:  March 5, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

hm
brea0570.protective.order(3.5.15)