XAVIER BECERRA, State Bar No. 118517
Attorney General of California
KENNETH N. SOKOLER, State Bar No. 161024
Supervising Deputy Attorney General
HEATHER S. GIMLE, State Bar No. 203849
Deputy Attorney General
1300 I Street, Suite 125
P.O. Box 944255
Sacramento, CA 94244-2550
Telephone: (916) 210-7687
Fax: (916) 324-2960
E-mail: Heather.Gimle@doj.ca.gov
*Attorneys for Respondent*

HEATHER E. WILLIAMS, State Bar No. 122664
Federal Defender
BRIAN ABBINGTON, TX Bar No. 00790500
Assistant Federal Defender
Brian_Abbington@fd.org
DAVID H. HARSHAW, KY Bar No. 86435
David_Harshaw@fd.org
801 I Street, 3rd Floor
Sacramento, CA  95814
Tel: (916) 498-6666
Fax: (916) 498-6656
*Attorneys for Petitioner*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID ANTHONY BREAUX,<br><br>Petitioner,<br><br>v.<br><br>RON DAVIS, WARDEN, California State Prison at San Quentin,<br><br>Respondent. | Case No.  2:93-cv-00570-JAM-DB<br><br><u>DEATH PENALTY CASE</u><br><br>**JOINT REQUEST TO AMEND SCHEDULING ORDER; [PROPOSED ORDER]**<br><br>Judge: The Honorable Deborah Barnes |

Joint Request to Amend Scheduling Order; [Proposed Order]   1   *Breaux v. Warden*, Case No. 2:93-cv-00570-JAM-DB

On May 1, 2019, this Court ordered that "the parties shall complete any outstanding discovery depositions and all depositions in lieu of testimony of witnesses, shall file final witness lists for the evidentiary hearing, and shall informally provide the opposing party with any outstanding discovery regarding witnesses who will testify at the evidentiary hearing." (Doc. 318.) This Court also ordered exchange of exhibit lists by October 15, 2019, stipulations and motions be agreed to and filed by October 31, 2019 and November 1, 2019, that pre-evidentiary hearing motions be heard on November 15, 2019, and that the evidentiary hearing proceed on December 9, 2019. (Docs. 318, 321.) Respondent and Petitioner would jointly request that this Court amend the current scheduling order by vacating these dates, and setting the matter for a joint proposed schedule for the reasons set forth below.

Respondent is still awaiting a Rule 26 Statement from petitioner's *Strickland* expert, which has been complicated by difficulty completing said expert's outstanding financial registration, plus opening a new contract and closing an old contract for the end of the fiscal year. Moreover, the recent depositions of trial counsel, Thomas Wirtz and Richard Fathy have expanded the scope of the expert's report.

Since the last joint report, the parties have conducted discovery depositions of two of the eight live witnesses expected for the evidentiary hearing, and have jointly interviewed a third live witness, David Howard, in lieu of a discovery deposition. (Doc. 284.) A fourth live witness, Abelardo Alvarado, has previously already been deposed. (Doc. 284.) Petitioner is the only other live witness to be called, aside from the experts. (Doc. 284.) Therefore, Petitioner's

three experts are likely the only remaining witnesses who need to be deposed.[1]

Respondent and Petitioner have previously conducted all outstanding testimonial depositions to date:[2] Stephen McEnerney, Mary Peinado (Lake County), Ben Ryan, Ken Lydon, Mark Stahley, Paul Mann, Linda Lye (San Francisco), Curvin Hunt (Kansas City, Missouri), Melvin Gonzales (Chowchilla State Prison), and Charles Gillespie.  Respondent and Petitioner also jointly went to the Sacramento Superior Court to examine evidence in the case and stipulated to that evidence being transmitted to a laboratory for testing relevant to one of the claims.  Respondent recently received the report on that evidence and disclosed it to petitioner.

In short, the parties have narrowed the amount of outstanding work to primarily Petitioner's three experts, and perhaps some rebuttal evidence or witnesses by Respondent.  However, the parties need some additional time to complete final discovery before an evidentiary hearing goes forward.  The parties have been able to work cooperatively on scheduling and do not anticipate difficulty informally exchanging discovery and setting any further discovery or testimonial deposition dates that may be needed before an evidentiary hearing.  If the Court grants this request, the parties would request a date to submit a proposed scheduling order to this Court.

//
//
//

---

[1] However, respondent may decide to re-depose trial counsel, or decide to depose petitioner in the first instance, after receiving the experts' reports.  There is also a possibility that respondent will seek to retain an expert, or experts, based on the opinions in petitioner's experts' reports.

[2] Respondent recently attempted to depose a witness who is 85 years old, former court clerk Virginia Duffek, but was unable to due to an unexpected health issue.  Respondent will attempt that testimonial deposition again if the Court gives the parties additional time to complete discovery in this case.

3

Dated: October 1, 2019                    Respectfully Submitted,

                                                              XAVIER BECERRA
Attorney General of California
KENNETH N. SOKOLER
Supervising Deputy Attorney General

*/s/ Heather S. Gimle*
HEATHER S. GIMLE
Deputy Attorney General
Attorneys for Respondent

HEATHER E. WILLIAMS
Federal Defender

/s/*Brian Abbington*
BRIAN ABBINGTON
Assistant Federal Defender

*/s/ David Harshaw*
DAVID HARSHAW
Assistant Federal Defender
Attorneys for Petitioner

4